**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SERVICE EMPLOYEES INTERNATIONAL UNION
NATIONAL INDUSTRY PENSION FUND,
11 Dupont Circle, N.W., Suite 900
Washington, DC 20036-1202

And

STEPHEN ABRECHT, RODERICK S. BASHIR,
KEVIN J. DOYLE, MYRIAM ESCAMILLA,
DAVID A. STILWELL, CHRISTOPHER BOUVIER,
STEVEN FORD, EDWARD J. MANKO,
FRANK A. MAXSON, AND JOHN J. SHERIDAN
TRUSTEES OF THE SERVICE EMPLOYEES
INTERNATIONAL UNION NATIONAL INDUSTRY,
 PENSION FUND,
11 Dupont Circle N.W., Suite 900
Washington, DC 20036-1202

        Plaintiffs,

v.                                                                          Case No.: 1:14-cv-369


SSC OAKLAND FRUITVALE OPERATING CO., LP,
d/b/a Fruitvale Healthcare Center,
3020 E. 15th Street
Oakland, CA 94601

and

SSC OAKLAND EXCELL OPERATING COMPANY, LP,
d/b/a Excell Healthcare Center,
3025 High St.
Oakland, CA 94619

and

SSC PITTSBURG OPERATING COMPANY, LP,
d/b/a Diamond Ridge Health Care Center,
2351 Loveridge Rd
Pittsburg, CA  94565-5117

and

SAVA SENIOR CARE ADMINISTRATIVE SERVICES, LLC,
d/b/a Sava Senior Care,
5300 W. Sam Houston Parkway N
Suite 100
Houston, TX 77041

        Defendants.

# COMPLAINT UNDER ERISA FOR DELINQUENT EMPLOYER CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES AND REQUEST FOR PAYROLL AUDIT

## Introduction, Jurisdiction and Venue

1. This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) to collect unpaid collectively bargained contributions, surcharges, interest, and liquidated damages owed by the Defendants pursuant to audits performed by the Plaintiff employee benefit pension fund.

2. Jurisdiction is conferred upon this Court by Section 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District and can be found in Washington, D.C.

## Parties

4. Plaintiff Service Employees International Union Health National Industry Pension Fund (the "SEIU Pension Fund") is an employee pension benefit plan within the meaning of Section 3(1), (3) of ERISA, 29 U.S.C. § 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 11 Dupont Circle, N.W., Suite 900, Washington, D.C. 20036.

5. Plaintiff Trustees of the SEIU Pension Fund, Stephen Albrecht, Christopher Bouvier, Roderick S. Bashir, Kevin J. Doyle, David A. Stilwell, Steven W. Ford, Frank A. Maxson, Edward J. Manko, and John J. Sheridan are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

6. Upon information and belief, SSC Oakland Fruitvale Operating Company, LP, is a limited partnership organized under the law of the State of Delaware. Defendant SSC Oakland Fruitvale Operating Company, LP does business as Fruitvale Healthcare Center, located at 3020 E. 15th St, Oakland, CA 94601.

7. Upon information and belief, SSC Oakland Excell Operating Company, LP, is a limited partnership organized under the law of the State of Delaware. Defendant SSC Oakland Excell Operating Company, LP does business as Excell Healthcare Center located at 13025 High St., Oakland, CA 94619.

8.      Upon information and belief, SSC Pittsburgh Operating Company, LP, is a limited partnership organized under the law of the State of Delaware. Defendant SSC Pittsburg Operating Company, LP does business as Diamond Ridge Health Care Center located at 2351 Loveridge Rd, Pittsburg, CA  94565-5117

9.      Upon information and belief, SSC Pittsburgh Operating Company, LP and Sava Senior Care Administrative Services, LLC, doing business as Sava Senior Care, is a limited liability company organized under the laws of the state of Delaware with a principal place of business located at 5300 W. Sam Houston Parkway N, Suite 100, Houston, TX 77041.

10.     Upon information and belief, SSC Oakland Fruitvale Operating Company, LP, Oakland Excell Operating Company, LP, Sava Senior Care Administrative Services, LLC (collectively, "Defendants") are related corporations and constitute a control group of corporations under ERISA Section 4001(b)(12), 29 U.S.C. § 1301(b)(12).  Upon information and belief, the Defendants share an interrelation of operations, common management, centralized control of labor relations, and common ownership.  As a result, the Defendants are "alter egos" and should be treated as a single employer.

11.     Defendants, at all relevant times, employed workers who were and are represented by the Service Employees International Union and who were participants in the SEIU Pension Fund. Each of the Defendants is an "employer in an industry affecting commerce" as defined in Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12), (14), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

## Factual Background

12. At all relevant times, the Service Employees International Union United Healthcare Workers – West (the "Union") has been the exclusive collective bargaining agent for certain of Defendants' employees.

13. The Defendants were parties to a Collective Bargaining Agreement with the Union effective for all periods relevant to this Complaint. The Defendants entered into a Collective Bargaining Agreement (the "Agreement") with the Union, effective from June 16, 2005. A true, correct and complete copy of the Collective Bargaining Agreement is attached as Plaintiffs' Exhibit 1. Section 35 of the Collective Bargaining Agreement provides that the Agreement "shall remain in full force and effect, unless amended by mutual written agreement of the parties, through June 15, 2008, and from year to year thereafter provided, however, that either party may serve written notice on the other at least ninety (90) days prior to June 15, 2005, of subsequent June 15 anniversary date, of its desire to amend any provisions herein." Upon information and belief, the Agreement remained in full force and effect at all times relevant to this lawsuit.

14. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers are obligated to make contributions to a multi-employer employee benefit plan in accordance with the terms of the applicable Collective Bargaining Agreement.

15. Pursuant to the Collective Bargaining Agreement, the Defendants are obligated to remit contributions to the SEIU Pension Fund. See Plaintiffs' Exhibit 1. In accordance with the Collective Bargaining Agreement, the Defendants submitted contributions to the SEIU Pension Fund.

16. In the Section 23, Subsection 4 of the Collective Bargaining Agreement, the Defendants agreed to be bound by this Fund's Agreement and Declaration of Trust and all rules

4

and regulations, including collection policies, adopted by the Trustees pursuant to the Agreement and Declaration of Trust. See Plaintiffs' Exhibit 1, pp 20-21. A true and correct copy of the Agreement and Declaration of Trust is attached hereto as Exhibit 2. A true and correct copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") adopted by the Trustees is attached hereto as Exhibit 3.

17. At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee as well as their social security numbers so that contributions may be properly applied.

18. At all relevant times, the Trust Agreement and the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the rate of five percent (5%) prior to the commencement of legal action and twenty percent (20%) thereafter, and attorneys' fees and costs.

19. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the collective bargaining agreement.

20. The Pension Fund's Trust Agreement and Collection Policy provides that the Pension Plan may audit any contributing employer for the purpose of ensuring that such employer has remitted the appropriate amount of contributions to the Pension Fund. See Plaintiffs' Exhibits 2 & 3.

21. Pursuant to the Pension Protection Act of 2006, Pub. L. 109-280 (2006) ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning

January 1, 2009, January 1, 2010, January 1, 2011 and January 1, 2012.  Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011 and April 30, 2012.  Copies of these letters are attached as Plaintiffs' Exhibit 4.

22. In accordance with the Pension Protection Act of 2006 ("PPA"), the SEIU Pension Fund established a Rehabilitation Plan.  Participating employers in the SEIU Pension Fund were notified of the Rehabilitation Plan in November 2009.  A copy of this letter is attached as Plaintiff's Exhibit 5.  Under the Rehabilitation Plan, participating employers are required to pay surcharges and supplemental contributions to the SEIU Pension Fund under either the Default or Preferred Schedule of the Rehabilitation Plan.

23. For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation.  The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan.  For the SEIU Pension Fund, a 5 percent (5%) surcharge was applicable in the initial critical year (2009), and a 10 percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a CBA that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer.  Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009.  See Exhibit 5.

24. Defendants' continued failure to submit proper contributions has caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the SEIU Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm.

Defendants' refusal to live up to their obligations creates an atmosphere in the industry that encourages other employers to do the same.

### COUNT I – FRUITVALE HEALTHCARE CENTER

25. Plaintiffs reallege and incorporate Paragraphs 1 through 24.

26. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

27. On or about December 14, 2011, Plaintiffs completed an audit of Fruitvale Healthcare Center for the years of 2008 and 2009. For Fruitvale Healthcare Center, the audit revealed $53,482.41 in unpaid contributions, $20,546.64 in interest (through November 15, 2013), $2,674.12 in liquidated damages, $5,348.24 in PPA surcharges and $607.46 in audit fees. As a result of the audit, Defendants owe a total of $82,658.87 to the SEIU Pension Fund for Fruitvale Healthcare Center. A copy of the audit is attached at Exhibit 6 to the Complaint.

28. Under Section 502(g) of ERISA, Plaintiff Pension Fund is entitled to recover all costs of this action from the Defendants, including reasonable attorneys' fees and court costs.

29. Prior to commencing this lawsuit, the SEIU Pension Fund has sent several letters and attempted to directly contact the Defendants in an attempt to obtain the outstanding amounts from Defendants. Defendants have not responded to these letters. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund.

### COUNT II –EXCELL HEALTHCARE CENTER

30. Plaintiffs reallege and incorporate Paragraphs 1 through 29.

31. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

32. On or about December 14, 2011, Plaintiffs completed an audit of Excell Healthcare Center for the years of 2008 and 2009. For Excell Healthcare Center, the audit revealed $36,042.82 in unpaid contributions, $13,998.88 in interest (through November 15, 2013), $1,801.24 in liquidated damages, $3,602.48 in Pension Protection Act ("PPA") surcharges and $607.46 in audit fees. As a result of the audit, Defendants owe a total of $55,034.88 to the SEIU Pension Fund for Excell Healthcare Center. A copy of the audit is attached at Exhibit 7 to the Complaint.

33. Under Section 502(g) of ERISA, Plaintiff Pension Fund is entitled to recover all costs of this action from the Defendants, including reasonable attorneys' fees and court costs.

34. Prior to commencing this lawsuit, the SEIU Pension Fund has sent several letters and attempted to directly contact the Defendants in an attempt to obtain the outstanding amounts from Defendants. Defendants have not responded to these letters. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund.

## COUNT III –DIAMOND RIDGE HEALTHCARE CENTER

35. Plaintiffs reallege and incorporate Paragraphs 1 through 34.

36. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

37. On or about December 14, 2011, Plaintiffs completed an audit of Diamond Ridge Healthcare Center for the years of 2008 and 2009. For Diamond Ridge Healthcare Center, the audit revealed $50,471.09 in unpaid contributions, $19,297.91 in interest (through November 15, 2013), $2,523.55 in liquidated damages, $5,047.11 in PPA surcharges and $607.46 in audit fees. As a result of the audit, Defendants owe a total of $77,947.13 to the SEIU Pension Fund for Diamond Ridge Healthcare Center. A copy of the audit is attached at Exhibit 8 to the Complaint.

38. Under Section 502(g) of ERISA, Plaintiff Pension Fund is entitled to recover all costs of this action from the Defendants, including reasonable attorneys' fees and court costs.

39. Prior to commencing this lawsuit, the SEIU Pension Fund has sent several letters and attempted to directly contact the Defendants in an attempt to obtain the outstanding amounts from Defendants. Defendants have not responded to these letters. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Enter a judgment for all amounts due from the audits, including contributions, Pension Protection Act of 2006 surcharges, audit fees, interest and liquidated damages;

2. Enter judgment for Plaintiff's attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Trust Agreement and Section 502(g) of ERISA;

3. Retain jurisdiction of this case pending compliance with its Orders; and

4. Grant such further relief as the Court may deem appropriate.

          Respectfully Submitted

          /s/ Richard C. Welch
          Richard C. Welch, Esq., DC Bar No. 485756
          Mooney, Green, Saindon, Murphy & Welch, P.C.
          1920 L Street, NW
          Washington, D.C. 20036
          (202) 783-0010
          (202) 783-6088 Facsimile
          rwelch@mooneygreen.com
          Counsel for Plaintiffs

Dated: March 7, 2014